IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH BOX, #518342,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00701-MJR |
| | ) |
| JEREMIAH "JAY" NIXON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Keith Box is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. (Doc. 1 at 1-3.) Proceeding *pro se*, Box has filed a complaint under 42 U.S.C. § 1983 against Missouri Governor Jay Nixon, a number of National Basketball Association players, a group of Missouri prison officials and judges, and several private citizens residing in Cairo, Illinois who, as best the Court can tell, are alleged to have conspired with the other defendants. (*Id.*) With his complaint, Box has also filed a motion to pay the court's filing fee in installments, rather than all at once. (Doc. 2) This motion is now before the Court.

Federal statute gives indigent prisoners the privilege of proceeding with a lawsuit without paying the full filing fee up front, but instead paying the fee piecemeal over time. *See* 28 U.S.C. § 1915(a). This privilege is withdrawn from prisoners who have a history of frivolous litigation: in 1996, the Prison Litigation Reform Act adjusted the pauper statute to require "prisoners to prepay the filing and docketing fees of most future suits" if they have had three or more prior

---

[1] Box has named several other parties as plaintiffs in this proceeding, including his "400 plus girlfriends/children's mothers." Those parties have not signed the complaint, so they are not considered plaintiffs to this action. FED. R. CIV. P. 11; *Abdul-Wadood v. Debruyn*, 89 F.3d 838 (7th Cir. 1996). All plaintiffs other than Box are hereby **DISMISSED** from this case.

federal actions dismissed as frivolous. *Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002). There is an exception for cases where the prisoner is "under imminent danger of serious physical injury"; in those limited circumstances, a prisoner may proceed with his case and pay the filing fee in installments, regardless of his litigation history. *See* 28 U.S.C. § 1915(g); *see also Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (prisoner's frequent filer status meant he had to pay the filing fee "unless he meets the 'imminent danger' exception"). Box has a history of frivolous litigation in the federal courts – *Box v. Nixon*, No. 4:15-cv-0021, 2015 WL 1935837, at *2 (E.D. Mo. Apr. 28, 2015), lays out some of his previous dismissals – and can proceed here without prepaying the filing fee only if he is at risk of an imminent physical injury.

The Court measures risk of injury by looking at Box's complaint. *See*, *e.g*., *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (in deciding whether a prisoner faced the requisite harm under § 1915, courts maintain "a singular focus on the facts alleged in the complaint"); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (court evaluating a pauper request "must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger"). While Box's complaint is a mess, it seems to revolve around a long-running effort by Missouri officials to murder Box, Box's family, and hundreds of women that Box says are his "girlfriends/children's mothers." (Doc. 1 at 6.) According to Box's previous complaints, his auspicious list of girlfriends includes pop-music sensation Beyoncé Knowles, Oscar-winning actress Halle Berry, television personality Tyra Banks, and NASCAR racer Danica Patrick. (*See* Case No. 3:15-cv-00501, Doc. 1-2 at 7-8.) Box says that the conspiracy against him is led in large part by National Basketball Association players Michael Jordan, Erving "Magic" Johnson, and LeBron James, as well as several Cairo, Illinois residents who are members of the "Black Mason Organization." (Doc. 1 at 7-9.) The members of the conspiracy have allegedly induced

false testimony to keep Box in prison, have released a death row inmate as a roving soldier to threaten Box's girlfriends, and have harmed Box's family and friends. (*Id.* at 6-15.)

While it likely goes without saying, nothing in Box's complaint suggests the kind of credible harm that excuses prepayment of the fee. Section 1915(g) speaks of a risk of harm to the prisoner, not to others, so Box's allegations of possible harm towards his girlfriends and family members will not get him around the prepayment requirement. All that is left, then, is Box's allegation of a long-lived, extremely wide-ranging, and apparently hopelessly-inept conspiracy that has had Box's death as its goal for years. Those allegations are delusional, and cannot support a true risk of injury for § 1915(g) purposes. *See*, *e.g.*, *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) ("irrational or wholly incredible" allegations of harm should be rejected); *Ciarpaglini*, 352 F.3d at 331 ("conclusory or ridiculous" claims not credible for purposes of determining a risk of harm); *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) ("clearly baseless," "fantastic" or "delusional" statements of harm not viable). So Box's motion to pay the Court's filing fee in installments must be denied. Box has twenty-one days from the date of this order to pay the full $400.00 filing fee or his case will be dismissed.

Another fee issue deserves attention – this one related to Box's recent spate of filings in this Court. Filing fees are incurred the moment a case is filed, so prisoners like Box who have run up three strikes and can no longer proceed as paupers unless they are in danger should not continue to file suits without prepayment unless they are in *credible* danger. If they keep filing suits, they just run up their unpaid fees and sap court resources in a manner that § 1915(g) was meant to prevent. *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997). This kind of behavior is not permitted, and as a deterrent, litigants subject to § 1915(g) who continue to run up "unpaid docket fees" are typically issued an "order forbidding further litigation" until the fees

are paid. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *see also Newlin*, 123 F.3d at 437 ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."). Box has run up his docket fees in a manner frowned on by *Sloan* and *Newlin*: he already filed two cases in this Court alleging the same delusional conspiracy as above, and both have been dismissed for failure to pay. (Case No. 3:15-cv-00501; Case No. 3:15-cv-00658.) He now owes $1200 to this Court, inclusive of his two dismissed cases and this one. If Box does not pay the full amount within twenty-one days, he is ordered to show cause in writing why a filing ban should not be entered. The ban will state that all papers Box files in this Court will be returned unfiled until his fees are paid. The ban will not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years pursuant to *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one days** of the date of this order (**on or before August 7, 2015**). If Plaintiff fails to comply within that time period, this case will be dismissed without prejudice for failure to pay the filing fee and for failure to abide by an order of the Court.

Plaintiff is **ADVISED** that the Court of Appeals for the Seventh Circuit has held that a filing bar is appropriate when a prisoner subject to 28 U.S.C. § 1915(g) continues to file suits that do not allege credible danger without prepaying the filing fee – the run-up unpaid docket fees from those suits lead "straight to an order forbidding further litigation." *Sloan*, 181 F.3d at

859; *see also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid."). Plaintiff has continued to file suits in this Court without prepayment of the filing fees. Accordingly, Plaintiff has **twenty-one days** from the date of this order (**on or before August 7, 2015**) to pay the full $1200 owed to the Court. In the event Plaintiff cannot pay the total amount owed by that deadline, he is **ORDERED** to **SHOW CAUSE** in writing why a filing ban should not be entered. The show cause response should be titled as such (and not sent as an uncaptioned letter to the Court), and should clearly and concisely indicate why a filing ban should not be entered. If a filing ban is issued, it will state that all clerks in this district shall return unfiled all papers Plaintiff tenders. The order will not apply to criminal cases or petitions challenging the terms of confinement.

    **IT IS SO ORDERED.**

    **DATED: July 17, 2015**

    **s/ MICHAEL J. REAGAN**
    **Chief Judge Michael J. Reagan**
    **United States District Judge**