IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH BOX, #518342, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00701-MJR |
| | ) |
| JEREMIAH "JAY" NIXON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter comes before the Court for docket management related to several pending matters, namely Plaintiff's filing fee and a recent show cause order. (*See* Doc. 6.)

By way of background, Box is a prisoner at the Jefferson City Correctional Center in Jefferson City, Missouri. He has drafted three civil rights complaints that have been filed or otherwise transferred to this Court since May 2015. His most recent complaint—like his last two—alleges a long-running conspiracy by state prison officials and private citizens to kill Box and his 300-plus "girlfriends/children's mothers." Box says that the conspiracy against him is led in large part by National Basketball Association players Michael Jordan, Erving "Magic" Johnson, and LeBron James, as well as several Cairo, Illinois residents who are members of the "Black Mason Organization." The members of the conspiracy have allegedly induced false testimony to keep Box in prison, have released a death row inmate as a roving soldier to threaten Box's girlfriends and family, and have attempted to harm Box's family and friends.

With his most recent complaint, Box filed a motion to proceed as a pauper and pay the Court's filing fee in installments. The rub is that Box is a frequent filer—he has run up over

three strikes by filing frivolous cases in the federal courts[1]—and so can proceed as a pauper only if his complaint alleges that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). On July 17, 2015, the Court reviewed Box's complaint and found that it did not allege any credible risk of serious danger. The closest thing to danger in Box's complaint were his allegations of a vague and difficult-to-follow conspiracy among private citizens, judges, and state employees to harm Box and his belles, but the Court found those allegations to be fantastic and delusional. Accordingly, the Court denied Box's motion to proceed as a pauper and gave Box until August 7, 2015 to pay the full filing fee or his case would be dismissed.

On July 30, 2015, Box asked for more time to gather the funds necessary to proceed with this case, and the Court gave him until September 16, 2015 to pay the fee. (Doc. 8.) On the due date, Box filed a letter to the Court and a notice to the Court, both indicating that former National Basketball Association player Michael Jordan, Governor Jay Nixon, and other private citizens have conspired against him to threaten his family members, all in an effort to block his family from donating money to fund Box's litigation. (Doc. 9 & Doc. 10.) Due to those threats, Box asked for additional time to secure funds to pay the filing fee. The Court will construe these filings as a motion for an extension of time, which must be denied. Box has already had over two months to pay the fee, and his reasons for an extension of time are not credible. And because Box has not paid the fee for this action, this case must be dismissed without prejudice.

One other fee-related matter deserves attention—this one concerning Box's unpaid filing fees for his three complaints in this Court. Filing fees are incurred the moment a case is filed, so prisoners like Box who have run up three strikes and can no longer proceed as paupers unless

---

[1] Box files most of his federal cases in the United States District Court for the Eastern District of Missouri; *Box v. Nixon*, No. 4:15-cv-00021, 2015 WL 1935837, at *2 n.1 (E.D. Mo. Apr. 28, 2015), details three of his previous strikes under the Prison Litigation Reform Act.

they are in imminent danger should not continue to file suits without prepaying the filing fee unless they are in *credible* danger. If they keep filing suits, they run up their unpaid fees and sap court resources in a manner that § 1915(g) was meant to prevent. *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997). This kind of behavior is not permitted, and as a deterrent, litigants subject to § 1915(g) who continue to run up "unpaid docket fees" are typically issued an "order forbidding further litigation" until the fees that they owe are paid. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *see also Newlin*, 123 F.3d at 437 ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits.").

Owing to his recent filing activity and his outstanding fees, the Court instructed Box to show cause why a filing ban should not be issued if he did not pay his fees. (Doc. 5.) On July 30, 2015, Box submitted a response. While the response is difficult to follow, the gist seems to be that a ban should not be entered because his cases had merit and alleged danger. According to Box, his complaints concern a long-standing effort to harm Box that was "mainly" led by Michael Jordan, Erving "Magic" Johnson, and LeBron James. (Doc. 6 at 2.) This group has attempted to harm Box in many ways: by luring his celebrity girlfriends to the Jefferson City Correctional Center and allowing inmates to drug and rape them; by faking the death of a death row inmate and releasing him from prison so that he could sexually assault Box's daughter; and by poisoning his food trays and the food trays of his cellmate at the prison. (*See id.* at 3 & 9.) These parties wish to harm Box because he discovered an illegal racketeering ring in 1992, which led to his incarceration and the subsequent efforts to harm Box and his loved ones. (*Id.* at 3-7.) While these allegations are serious, they are also delusional, meaning that Box could not proceed as a pauper for those cases and that his complaints lacked merit. *See*, *e.g.*, *Rittner v.*

*Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) ("irrational or wholly incredible" allegations of harm should be rejected); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("conclusory or ridiculous" claims not credible for purposes of determining a risk of harm); *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) ("clearly baseless," "fantastic" or "delusional" statements of harm not viable).[2] Box should not have submitted so many non-meritorious, related claims in the sequence that he did, and the fees that he has racked up in doing so warrant a filing ban.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, this action is **DISMISSED without prejudice** for failure to pay the Court's filing fee and for failure to abide by an order of the Court under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that Plaintiff Keith Box, #518342, is hereby **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of $1200.00 have been paid in full. This filing restriction does not extend to a notice of appeal from this order, to the filing of any petition for a writ of habeas corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995). In accordance with *Support Systems International v. Mack*, Plaintiff may seek modification or rescission of this filing ban by filing a motion in this Court *no earlier* than two years from the date of the entry of this order, assuming that he fails to pay the balance of his filing fees within that two-year time period. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

---

[2] Box also argues that a filing ban is improper because he has not accrued three strikes in the Illinois federal courts, but only accrued strikes in the Missouri federal courts. That is wrong on the law: 28 U.S.C. § 1915(g) imposes a bar on prisoners who have racked up three dismissals for cases brought in a "court of the United States." A strike in one court is a strike in them all.

Should Plaintiff attempt to file any new civil action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this order to the Plaintiff unfiled.

The **CLERK** is **DIRECTED** to close this case and enter judgment accordingly.

Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and that obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed *in forma pauperis* or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1) & (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To date, Plaintiff has paid no portion of the filing fee. Therefore, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the filing fee is paid in full.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Any motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight days after the entry of the judgment, and this deadline cannot be extended. *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015).

**IT IS SO ORDERED.**

**DATED: September 23, 2015**

                                                    s/ MICHAEL J. REAGAN
                                                    **Chief Judge Michael J. Reagan**
                                                    **United States District Judge**